UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRACY SASICH                                             CIVIL ACTION

VERSUS                                                   NO. 15-461-JWD-RLB

CAROLYN COLVIN,
COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 14, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACY SASICH | CIVIL ACTION |
| VERSUS | NO. 15-461-JWD-RLB |
| CAROLYN COLVIN,<br>COMMISSIONER OF<br>THE SOCIAL SECURITY<br>ADMINISTRATION | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Tracy Sasich (Plaintiff), seeks judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) pursuant to 42 U.S.C. § 405(g) denying Plaintiff's applications for Supplemental Security Income and Disability Insurance Benefits under the Social Security Act. (R. Doc. 1). Having found all of the procedural prerequisites met (Tr. 1-3), the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . ."). For the reasons given below, the Court **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's appeal be **DISMISSED with prejudice**.

### I.     PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income alleging that she became disabled on October 31, 2010 because of back pain, depression, anxiety, left-eye blindness, poor vision in her right eye and Attention Deficit Hyperactivity

Disorder (ADHD). (Tr. 74, 138-52).  Plaintiff's application was denied by an Administrative Law Judge (ALJ), who first held an administrative hearing (Tr. 34-59) before issuing an unfavorable decision on April 22, 2014. (Tr. 11-22).  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 15, 2015. (Tr. 1-3).  The ALJ's decision rested as the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See* 20 C.F.R. § 404.981.

## II.     STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)).  The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted).  Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *See, e.g.,*

*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's"); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

### III. ALJ'S DETERMINATION

In determining disability, the Commissioner (through an ALJ) works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining his or her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (explaining the five-step process). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three the ALJ must conclude the claimant is disabled if he proves that his or her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of

sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1 (Listing of Impairments). Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his or her past relevant work. 20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he or she is capable of performing other work. 20 C.F.R § 404.1520(g)(1). If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

Here, the ALJ made the following determinations:

1. Plaintiff met the insured status requirements through September 30, 2012.

2. Plaintiff did not engage in substantial gainful activity since October 31, 2010.

3. Plaintiff suffered from the following severe impairments: history of cervical surgery, low back pain and an anxiety disorder.

4. Plaintiff did not meet or medically equal a listing — specifically, Listing 1.00 (Musculoskeletal Listings) and Listing 12.00 (Mental Listings).

5. Plaintiff retained the residual functional capacity (RFC) to perform sedentary work, but she is limited to simple, repetitive work with one to three-step instructions; occasional reaching; and rare overhead reaching (rare meaning 10 percent or less).

6. Plaintiff was unable to perform any past relevant work as a Retail Store Manager (DOT No. 185.167-046, light, SVP 7), a Secretary (DOT No. 201.362-030, sedentary, SVP 6), Loan Processor (DOT No. 249.362-022, sedentary, SVP 5), and an Administrative Assistant (DOT No. 169.167-010, sedentary, SVP 7).

7. Plaintiff was a younger individual.

8. Plaintiff had at least a high school education and was capable of communicating in English.

9. The transferability of job skills was not material to the ultimate determination of disability.

10. Considering Plaintiff's age, education, work experience and RFC, there were unskilled jobs existing in significant numbers in the national economy that Plaintiff could perform, including: Telephone Quotation Clerk (DOT No. 237.367-046, sedentary, SVP 2), Parimutuel-Ticket Checker (DOT No. 219.587-010, sedentary, SVP 2) and Surveillance-System Monitor (DOT No. 379.367-010, sedentary, SVP 2).

11. Plaintiff had not met the Social Security Act's definition of disability at any time between her alleged onset date of October 21, 2010 and the ALJ's April 22, 2014 decision.

(Tr. 11-22).

## IV.  DISCUSSION

Plaintiff filed an Opening Brief (R. Doc. 8) in support of her appeal on February 8, 2016. In her brief, Plaintiff identified two assignments of error, for which she seeks judicial review.

First, Plaintiff claims that the ALJ erred at Step 5 by relying on faulty testimony given by the Vocational Expert (VE). (R. Doc. 8 at 4-12). Plaintiff suggests that the VE's testimony about the jobs Plaintiff could perform based on her RFC (Telephone Quotation Clerk, Parimutuel Ticket Checker and Surveillance System Monitor) "direct[ly] conflict[s]" with the occupational information supplied by the Dictionary of Occupational Titles (DOT), which warrants remand.

Second, Plaintiff claims the ALJ committed reversible error by not incorporating all of Plaintiff's limitations into the RFC. According to Plaintiff, the ALJ acknowledged her "chronic neck pain and lost range of motion," but failed to include any resulting limitations in the RFC assessment. (R. Doc. 8 at 12-13).

The Court has considered both assignments of error in light of the parties' arguments, the record as a whole and the applicable law, but finds that neither alleged error warrants reversal or remand.

A. **Conflicts between the Vocational Expert's Testimony and the Occupational Information Supplied by the Dictionary of Occupational Titles**

During the hearing, the ALJ called Dennis Rousey to testify as a Vocational Expert. (Tr. 54-59). Plaintiff's attorney was also given a full opportunity to question the VE. (Tr. 58-59). Before taking any testimony, the ALJ first confirmed that the VE was familiar with the Act's "definitions . . . regarding skill and exertion levels," and that he would inform the ALJ if any of his "answers [did] not comport with the *Dictionary of Occupational Titles*." (Tr. 54). The ALJ then questioned the VE regarding Plaintiff's past relevant work and the type of work, if any, she could perform despite her limitations. (Tr. 48-59). Relevant here, the ALJ's third hypothetical asked the VE to:

> [A]ssume [someone of] claimant's age, education and work experience who is limited to . . . sedentary work, simple repetitive tasks, one through three step instructions, occasional reaching and rarely, 10 percent of the time or less, overhead work. Can she perform jobs?

(Tr. 56-57). The limitations described in Hypothetical 3 were eventually adopted as the RFC. (Tr. 17).

The VE's response, identifying the following jobs Plaintiff would be capable of performing, was likewise adopted by the ALJ at Step 5:

**Telephone Quotation Clerk**         DOT No. 237.367-046
Exertion Level:                       Sedentary
Skill Level:                          Unskilled – SVP 2

**Parimutuel-Ticket Checker**         DOT No. 219.587-010
Exertion Level:                       Sedentary
Skill Level:                          Unskilled – SVP 2

**Surveillance-System Monitor**       DOT No. 379.367-010
Exertion Level:                       Sedentary
Skill Level:                          Unskilled – SVP 2

(Tr. 57) (VE's testimony); (Tr. 22) (ALJ's decision relying on VE's testimony that Plaintiff could perform other work at Step 5); Dep't of Labor, *Dictionary of Occupational Titles* (DOT), No. 237.367-046, 1991 WL 672194 (4th ed. rev. 1991) (Telephone Quotation Clerk); DOT No. 219.587-010, 1991 WL 671989 (Parimutuel-Ticket Checker); DOT No. 379.367-010, 1991 WL 673244 (Surveillance-System Monitor).

On appeal, Plaintiff argues that the ALJ committed reversible error by relying on the VE's testimony because it is in "direct conflict" with the DOT. Specifically, the three jobs identified by the VE have a Reasoning Level of 3, according to the DOT. Although these jobs are sedentary and unskilled, Plaintiff argues that a Reasoning Level of 3 exceeds her limitation to simple, repetitive tasks with one to three-step instructions. Because Plaintiff believes this conflict is "direct" and "obvious," she suggests that Social Security Ruling 00-4P, 2000 WL 1898704 (Dec. 4, 2000), dictates reversal of the ALJ's decision and remand for further proceedings.

Among the sources of evidence the Commissioner can rely on at Step 5 are Vocational Experts and the Department of Labor's Dictionary of Occupational Titles (including its supplement, the Selected Characteristics of Occupations (SCO)). 20 C.F.R. § 404.1566(d)-(e). Vocational Experts assess whether jobs exist for a person with the claimant's precise abilities. *Veal v. Soc. Sec. Admin.*, 618 F. Supp. 2d 600, 608 (E.D. Tex. 2009). They also assist in determining complex issues, such as the transferability of a claimant's past work skills and the specific occupations in which they can be used. 20 C.F.R. § 404.1566(e) ("If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue, we may use the services of a vocational expert.").

The DOT comprises a categorical listing of job titles in the United States, along with descriptions of the maximum requirements for each job, including the associated exertion levels and reasoning abilities. *Gaspard v. Soc. Sec. Admin.*, 609 F. Supp. 2d 607, 609 (E.D. Tex. 2009). The Commissioner recognizes the DOT and the SCO as authoritative, and routinely relies on them "for information about the requirements of work in the national economy." SSR 00–4P, 2000 WL 1898704, at *2.

It is clear that an ALJ may rely on either source of information — VE testimony or the DOT — when determining whether a claimant can make an adjustment to other work at Step Five. *See* 20 C.F.R. § 404.1566(d)-(e). Given their differing degrees of specificity, it is foreseeable (if not inevitable) that a vocational expert's opinion of a claimant's ability to do other work may conflict with the DOT's requirements for particular jobs. These conflicts occur frequently enough that the Commissioner has issued an interpretive ruling on the subject. *See* SSR 00–4p, 2000 WL 1898704, at *2.

An ALJ may in appropriate cases give more weight to a Vocational Expert's testimony than to the DOT. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). And that rule makes sense considering the DOT provides only standardized job information, whereas VE testimony is tailored to an individual claimant's work skills and limitations as relayed by the ALJ through hypothetical questions. *Gaspard*, 609 F. Supp. 2d at 613. But neither source automatically trumps the other, and both initially have equal effect. *Romine v. Barnhart*, 454 F. Supp. 2d 623, 626 (E.D. Tex. 2006).

An ALJ's discretion to choose between conflicting evidence from a Vocational Expert and the DOT is not unfettered, however. In *Carey v. Apfel*, the Fifth Circuit embraced what it called a "middle ground." 230 F.3d at 147. When a direct and obvious conflict exists, and the

ALJ fails to explain or resolve the conflict, the VE's testimony cannot constitute substantial evidence at Step 5, warranting reversal and remand. *Id.* at 145-46.  But when the conflict is tangential, implied or indirect, and it did not undergo adversarial development at the administrative hearing, the VE's testimony may be accepted and relied upon by the ALJ without resolving the later-proffered conflict provided the record reflects an adequate basis for doing so. *Id.* at 146.

The Commissioner's policy concerning conflicts between VE testimony and the DOT provides that in all cases "the adjudicator has an affirmative responsibility to ask about any possible conflict between . . . VE . . . evidence and information provided in the DOT." SSR 00–4P, 2000 WL 1898704, at *4.  And "[w]hen there is an *apparent unresolved* conflict between VE [testimony] and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE" at Step Five. *Id.* at *2.

Here, the ALJ complied with Social Security Ruling 00-4P by asking whether the VE's testimony conflicted with the relevant DOT information.  The VE did not inform the ALJ of any conflicts during the hearing and no conflict was suggested by Plaintiff's counsel on cross examination.  As such, nothing at the hearing should have prompted the ALJ to obtain a reasonable explanation for and explain his resolution of any identified conflicts.

Plaintiff, however, argues that a conflict does exist[1] and that it is "direct and obvious."  If Plaintiff is correct, the ALJ should have recognized the conflict on his own, notwithstanding the VE's assurance that no conflict existed or Plaintiff's failure to point to any conflict during cross examination.  As previously discussed, the DOT identifies the exertional requirements of each

---

[1] An example of a direct or obvious conflict would be if the "vocational expert's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for that job in the DOT." *Carey*, 230 F.3d at 145-46.

job, as well as the reasoning abilities associated with each job.  The DOT classifies reasoning abilities into 6 levels.  Plaintiff argues that her limitation to simple, repetitive tasks with one to three-step instructions corresponds to a Reasoning Level of "2 or lower" and, without citing any authority, that "case law supports [her] contention." (R. Doc. 8 at 7).  Plaintiff, however, is incorrect.

Multiple courts have found no direct conflict between a limitation to simple, repetitive tasks with one to three-step instructions (or unskilled work)[2] and jobs requiring a Reasoning Level of three. *See Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) ("no such conflict appears to exist" between job requiring reasoning level of 3 and claimant's limitation to simple, unskilled work involving concrete instructions); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (no direct conflict between limitation to simple or unskilled work and jobs requiring a reasoning level of 3); *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 794-95 (11th Cir. 2011) (limitation to simple, routine tasks do not conflict with reasoning level of 3); *Morris v. Comm'r of Soc. Sec. Admin.*, 421 F. App'x 693, 694 (9th Cir. 2011) (reasoning level 3 did not require complex tasks in excess of RFC for unskilled work); *Gaspard v. Social Security Admin.*, 609 F. Supp. 2d 607, 617 (E.D. Tex. 2009) ("jobs requiring reasoning level 2 or higher" are not in direct conflict with limitation to "simple one or two-step tasks on a repetitive basis"); *Johnson v. Astrue*, 2012 WL 5472418, at *13 (E.D. La. Oct. 5, 2012) ("[T]here is no direct conflict

---

[2] The ability to do follow one-to-three step instructions is consistent with the requirements of unskilled work. *See Scott v. Commissioner of Social Security*, 495 F. App'x 27, at *2 (11th Cir. Oct. 31, 2012) (ALJ properly limited claimant to "simple, unskilled work" as it involved "one, two or three step instructions"); *Knupp v. Colvin*, 2013 WL 2338327, at *7 (W.D. Wash. May 28, 2013) (affirming ALJ's finding that claimant could "carry out 2 to 3 step instructions required of jobs classified at a level of svp 1 and svp 2 or as unskilled work"); *Jones v. Comm'r of Soc. Sec. Admin.*, 2012 WL 6184941, at *6 (D. Or. Dec. 11, 2012) (ALJ accounted for claimant's limitations "by limiting plaintiff to performing one to three step tasks equivalent to unskilled work"); *Bridges v. Astrue*, 2012 WL 4322735, at *2, *20 (D. Or. June 5, 2012) (nothing the ALJ found the claimant "limited to one to three step tasks equivalent to entry-level unskilled work" and that, as a legal matter, the "ALJ did not commit error" in regards to the mental RFC); SSR 96-9P, 1996 WL 374185, at *9 (July 2, 1996) (unskilled work requires the ability to understand, remember and carry out simply instructions).

between the [DOT] definition of the job . . . which requires a maximum Reasoning Level of 3, and [the VE's] testimony that a claimant with a limitation to simple, repetitive and routine tasks is capable of performing the job."); *Webb v. Astrue*, 2010 WL 1644898, at *12 n.10 (N.D. Tex. Mar. 2, 2010) ("A job as a city bus driver that requires a [GED reasoning level] of three is not necessarily inconsistent with an RFC that includes only the ability to perform simple, routine work tasks."); *Auger v. Astrue*, 793 F. Supp. 2d 92, 97 (D. Mass. 2011) ("[N]o conflict existed between the VE's testimony that Plaintiff could work as a surveillance system monitor despite being limited to "simple and unskilled" work, and the DOT's level-three classification."); *Welch v. Astrue*, 2012 WL 3113148, at *7 (D. Me. July 11, 2012) ("no conflict existed between a limitation to 'simple and unskilled' work and a GED level 3 classification"); *Thacker v. Astrue*, 2011 WL 7154218, at *3 (W.D.N.C. Nov. 28, 2011) ("there is no conflict between a job classified at reasoning level three and a limitation to simple, routine, unskilled work.").

In the absence of any direct or apparent conflict, the ALJ's reliance on the VE's testimony was not reversible error and neither *Carey* nor Social Security Ruling 00-4P requires remand. Under the circumstances, any conflict is indirect or implicit, at best. Plaintiff, however, failed to raise the existence of any conflict during the hearing. In fact, her attorney's cross examination of the VE was limited to Plaintiff's alleged cervical impairment. As such, whether an indirect conflict does in fact exist is a "point [that] cannot be entertained in this proceeding because it was not developed in the adversarial context at the administrative hearing." *Gaspard*, 609 F. Supp. 2d at 617.[3]

---

[3] Plaintiff relies on *Sims v. Apfel*, 530 U.S. 103 (2000), for the contention that a claimant does not waive an issue by failing to raise it during the administrative proceedings. However, the holding in *Sims* does not support Plaintiff's contention. *Sims* held that a claimant does not waive judicial review of an issue by failing to raise it before the Appeals Council. The Court limited its holding by explicitly stating that "[w]hether a claimant must exhaust issues before the ALJ is not before us." *Id.* at 107.

Even where the existence of an indirect conflict is waived by a claimant's failure to develop the issue at the administrative hearing, once the issue is raised on judicial review, the reviewing court must still determine whether the "record reflects an adequate basis" for the ALJ to rely on the VE's testimony. *Carey*, 230 F.3d at 146; *Gaspard*, 609 F. Supp. 2d at 617-18 ("Under *Carey v. Apfel*, even when an indirect conflict . . . is waived . . . once it is raised in an action for judicial review, the court must still investigate whether the record reflects an adequate basis for relying on VE Boweden's testimony."); *Abel v. Astrue*, 2011 WL 1099890, at *7 (S.D. Miss. March 2, 2011) (because no direct conflict between reasoning level of 3 and limitation to simple, repetitive tasks, and claimant failed to raise any conflict at hearing, the question "is simply whether the record reflects an adequate basis for the ALJ's reliance on the Vocational Expert's testimony"); *Johnson v. Astrue*, 2012 WL 5472418, at *15 (E.D. La. Oct. 5, 2012) ("In such circumstances, Johnson cannot challenge in this court any implied or indirect conflict that she failed to raise at the hearing.").

Here, the record reflects an adequate basis for the ALJ's reliance on the Vocational Expert's testimony that Plaintiff could perform the three identified jobs, despite the mental limitations found by the ALJ. The ALJ found Plaintiff had the mental residual functional capacity to perform simple, repetitive tasks with one to three-step instructions. Plaintiff has not made any challenge to the ALJ's mental residual functional capacity finding. Based on the mental RFC, the VE testified that Plaintiff could perform the jobs of Telephone Quotation Clerk, Parimutuel-Ticket Checker and Surveillance-System Monitor and that each job was classified in the DOT as unskilled and carried a Specific Vocational Preparation (SVP) Level of two. The VE further confirmed that his testimony was consistent with the Dictionary of Occupational Titles and Plaintiff did not challenge the consistency of the VE's testimony with the DOT during the

hearing.  In his decision, the ALJ cited Social Security Ruling 00-4P and found that the VE's testimony was consistent with the Dictionary of Occupational Titles.  Under the circumstances, "the vocational expert's clear and unchallenged testimony that [Plaintiff] could perform the identified jobs . . . is adequate . . . to support the ALJ's" reliance on the VE's testimony at Step Five. *Carey*, 230 F.3d at 147; *see also Abel*, 2011 WL 1099890, at *7 (VE's testimony that claimant limited to simple, repetitive, unskilled work could perform at a reasoning level of 3 was not challenged or contradicted in any manner; therefore, "the record reflects an adequate basis for the ALJ's reliance on the Vocational Expert's testimony.").

Moreover, Plaintiff has not cited to any record evidence or legal authority supporting her contention that her mental limitations preclude the performance of the jobs requiring a Reasoning Level of 3.  Again, the 3 jobs identified by the VE were classified as unskilled, with an SVP Level of 2 and a Reasoning Level of 3.  Plaintiff's limitation to simple, repetitive work involving one to three-step instructions is consistent with the performance of unskilled work.  According to the Administration, "unskilled work [also] corresponds to an SVP of 1-2." SSR 00-4P, 2000 WL 189704, at *3; *see also* 20 C.F.R. § 656.3 (An SVP of 2 means it would require "[a]nything beyond a short demonstration up to and including 30 days" for "a typical worker to learn" how to perform the job.).

As such, Plaintiff has not shown any conflict between her mental limitations and the performance of any jobs identified by the Vocational Expert. *See Terry*, 580 F.3d at 478 (reasoning level of 3 consistent with limitation to "simple, unskilled work"); *Johnson*, 2012 WL 5472418, at *13 ("reasoning level three is . . . consistent with a limitation to simple, unskilled work"); *Thacker v. Astrue*, 2011 WL 7152418, at *3 ("there is no conflict between a job classified at reasoning level three and a limitation to simple, routine, unskilled work").

Because the VE's testimony was not challenged below and has not been contradicted by Plaintiff during this proceeding, the record contains an adequate basis for the ALJ's reliance on the VE at Step Five.

### B.     Residual Functional Capacity

After thoroughly reviewing the record evidence, the ALJ found Plaintiff's "history of cervical surgery" qualified as a severe impairment and that the "reduction in capability to sedentary exertional work activity with occasional reaching, and rarely, 10% of time or less, reaching overhead, more than adequately allows for any problems the claimant may experience with her neck and lower back pain." (Tr. 20-21).

Plaintiff claims the RFC finding is nonetheless deficient because it does not account for her "inability to look down for . . . more than one-third of the work day" due to neck pain, which she "vocalized" during the hearing. (R. Doc. 8 at 12-13). According to Plaintiff, "It follows that since the ALJ did reference a recognition of the claimant's neck pain, the ALJ should have considered this limitation as part of the RFC." (R. Doc. 8 at 12).

Plaintiff bears the burden of proving her disability, including the limitations resulting from her impairments. Plaintiff does not cite to any objective evidence supporting her alleged inability to look down for extended periods of time. She solely relies on her hearing testimony, which the ALJ found was not entirely credible — a finding that Plaintiff has not challenged. (Tr. 18, 20).

Moreover, the objective medical evidence found in the record and relied on by the ALJ does not corroborate Plaintiff's subjective limitation. (Tr. 18-21); *see also Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (subjective complaints must be corroborated by objective medical evidence). On March 25, 2011, Plaintiff demonstrated normal range of motion

without pain in her neck. (Tr. 280) ("The patient's cervical and lumbar mobility is normal in flexion and extension."). On December 5, 2012, Plaintiff's range of motion was limited in her neck, but there were no signs of myelopathy (a neurological deficit related to the spinal cord). (Tr. 336-37) ("She has some lost ROM but no myelopathy on examination."). As the ALJ noted, during emergency room visits in May, July and September of 2013, Plaintiff demonstrated normal range of motion on examination. (Tr. 18, 350, 355, 360) ("Normal ROM"). Finally, none of her treating or examining doctors suggested that she avoid looking down for any period of time due to her neck pain. Considering the above medical evidence, substantial evidence supports the ALJ's RFC finding, including her decision not to include Plaintiff's subjective cervical limitations in the RFC.

**V.   CONCLUSION**

For the reasons given above, the Court **RECOMMENDS** that the Commissioner's decision be **AFFIRMED** and that Plaintiff's appeal be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on November 14, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**